| | |
|---|---|
| THE ESTATE OF JOSEPH WHITLOCK SMITH, by and Through Administratrix JoAnne S. Smith, <br><br>     Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff JoAnne S. Smith, as the Administratrix of the Estate of Joseph Whitlock Smith (collectively "Plaintiff"), by and through her undersigned counsel, and by way of this Complaint, avers as follows:

## INTRODUCTION AND SUMMARY OF ACTION

1. This is a wrongful death and personal injury action asserting reckless conduct and negligence in connection with actions and/or omissions of the United States of America ("USA" or "Defendant") leading to the death of Joseph Whitlock Smith.

2. Upon information and belief, either on its own or by and through its agents and/or employees, Defendant was responsible for providing healthcare to Joseph Whitlock Smith through its healthcare facility identified as Womack Army Medical Center at Fort Bragg, North Carolina. At all times mentioned herein and material hereto, Defendant was and is responsible for the malpractice or negligence of a physician . . . or other supporting personnel of the United States Department of the Army in

1

furnishing medical care or related services, . . . . while in the exercise of his or her duties in or for the Department of the Army or any other Federal department, agency, or instrumentality" within the meaning of 22 U.S. Code § 2702.

## PARTIES

3. Plaintiff was, at all relevant times hereto, a citizen and resident of Robeson County, North Carolina. Specifically, at all relevant times hereto, Plaintiff resided at 162 J. D. Road, St. Pauls, NC 28384.

4. Defendant may be served via the mechanisms described in FRCP4(i)(1), Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## JURISDICTION AND VENUE

5. This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. § 1346(b)(1).

6. Venue for this action is properly laid in this Court pursuant to and in accordance with 28 U.S.C. § 1391.

7. The amount in controversy is more than $75,000, not counting interest and costs of court, because of the personal injuries, pain, suffering and wrongful death of Joseph W. Smith, and funeral expenses, present monetary value of Joseph W. Smith to his next of kin, including the loss of services, care, protection, assistance, society, companionship, comfort, guidance, kindly offices and advice of Joseph W. Smith to his wife and the Administratrix of the Estate of Joseph Whitlock Smith, deceased, JoAnne S. Smith.

2

## FACTUAL ALLEGATIONS

8. Joseph Whitlock Smith was admitted to the Department of Surgery at Womack Army Medical Center on or about 7 January 2019, when and where he underwent surgery for the removal of masses on kidney and in colon by Dr. John Smith Berry IV. Following this surgical procedure, Mr. Smith remained in Womack Army Medical Center for several days during which his surgical recovery was monitored.

9. During his six day recovery period, Mr. Smith was unable to move his bowels, became tachycardic and hypotensive, so that on 14 January 2019, Mr. Smith underwent another surgical procedure, also performed by Dr. John Smith Berry IV. In that procedure, Dr. Berry found that the intact anastomosis was between the ileum and duodenum; the colon was not in continuity. Dr. Berry performed a take-down of ileoduodenal anastomosis, duodenal closure, ileocolonic anastomosis and end ileostomy. Mr. Smith was returned to the Intensive Care Unit for further recovery.

10. As 14 January 2019 progressed, Mr. Smith became anuric, was treated with bicarbonate drip with hydrocortisone, Vitamin C and thiamine for refractory shock. Given concern for need for continuous renal replacement therapy, Mr. Smith was emergently transferred to Duke University Medical Center Intensive Care Unit for further treatment.

11. On admission, Duke University Medical Center staff determined that Mr. Smith was experiencing multi-organ failure due to an uncontrolled septic source in the abdomen. Mr. Smith was aggressively resuscitated; a vascular access catheter was placed for hemodialysis. Despite interventions by staff at Duke University Medical Center, Mr. Smith's renal and liver function continued worsening; nephrology was consulted for

3

emergent continuous renal replacement therapy. Prior to commencement of continuous renal replacement therapy, however, Mr. Smith had a pulseless arrest with initial rhythm of PEA. The resuscitative effort of 26 minutes obtained spontaneous circulation twice but the periods of spontaneous circulation were not durable and Mr. Smith's condition deteriorated following each of those periods. Mr. Smith experienced a ventricular fibrillation rhythm and was defibrillated. Given that Mr. Smith's progressive renal and liver failures, as well as his tissue breakdown, was not such that intervention could be done without extremely high operative mortality and given Mr. Smith's already present multi-organ failure, Mr. Smith's family, having observed the 26 minute resuscitative effort, opted not to pursue further attempts of resuscitation. Mr. Smith expired at 0802 in the company of his wife and son.

12. At one or more times during the time period on or about January 7, 2019 through on or about January 14, 2019, Defendant, individually or by and through one or more actual, apparent or ostensible agents or employees for whom Defendant was and is responsible was negligent and deviated from the applicable standard of care in doing or failing to do one or more of the following and thereby caused, directly, proximately and in fact, Joseph Whitlock Smith's severe personal injury(ies) resulting in his death and the injuries and damages Plaintiff describes herein:

    a. in failing to order a radiologic imaging of Joseph Whitlock Smith's abdomen;

    b. in failing to perform a radiologic imaging of Joseph Whitlock Smith's abdomen;

    c. in failing to properly appreciate Joseph Whitlock Smith's need for radiologic imaging of his abdomen;

4

d.  in failing to properly follow-up or cause a proper follow-up of Joseph Whitlock Smith;

e.  in failing to properly assess the nature of Joseph Whitlock Smith's condition, including the cause(s) of his course, history, signs, symptoms and/or physical examination results;

f.  in failing to timely and properly diagnose Joseph Whitlock Smith's true condition following surgery on 7 January 2019;

g.  in failing to timely take proper steps to see that Joseph Whitlock Smith's true condition was timely and properly treated;

h.  in failing to enforce, adhere to or comply with one or more of the standards, rules, regulations, policies, procedures, protocols or manual provisions then in effect and applicable to Defendant; and

i.  in otherwise neglecting Joseph Whitlock Smith in other ways and means that further discovery may reveal.

13. As a direct, proximate and factual result of Defendant's negligence, described herein, Joseph Whitlock Smith suffered severe personal injury(ies) resulting in his death and Defendant is liable to Plaintiff JoAnne S. Smith for damages as follows:

a.  physical pain of Joseph Whitlock Smith from 7 January 2019 until the time of his death;

b.  mental suffering of Joseph Whitlock Smith from 7 January 2019 until the time of his death;

c.  reasonable funeral expenses; and

d. present monetary value of Joseph Whitlock Smith to his next of kin as provided by statute including, but not limited to, the reasonably expected:

    i. services, care, protection and assistance of Joseph Whitlock Smith; and

    ii. society, companionship, comfort, guidance, kindly offices and advice of Joseph Whitlock Smith.

14. All conditions precedent for the filing of this Complaint have been met and it has been filed prior to the expiration of any statutes of limitation.

15. Plaintiff objects to the prefiling requirements of N.C. Gen. Stat.§ 1A-1, Rule 9(j) that effectively requires Plaintiff to prove her case before factual discovery is even begun, denies medical malpractice plaintiffs their rights of due process of law and equal protection under the law, the right to open courts, and the right to a jury trial, violates the separation of powers, and confers an exclusive emolument on health care providers, in violation of the United States and North Carolina constitutions. Rule 9(j) violates the Seventh and Fourteenth Amendments of the United States Constitution, and article I, sections 6, 18, 19, 25 and 32, and Article IV, sections 1 and 13 of the North Carolina Constitution. Without waiving these objections, counsel for Plaintiff provides the following information to comply with the requirements of Rule 9(j): the medical care rendered by employees, agents, assigns and servants of Defendant and all medical records pertaining to the alleged negligence that are available to Plaintiff after reasonable inquiry have been reviewed before the filing of this complaint by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence and who is willing to testify that the care

provided by the employees, agents, assigns and servants of Defendant did not comply with the applicable standard of care. If the Court later determines that Plaintiff's 9(j) expert does not meet the requirements of Rule 702(b) or Rule 702(c), Plaintiff will seek to have that person qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and Plaintiff hereby moves the Court, pursuant to Rule 9(j)(2) to so qualify that person.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1.  For general damages, all in an amount to be proven at the time of trial;

2.  For a trial against Defendant;

3.  For payment of costs of suit herein incurred;

4.  For both pre-judgment and post-judgment interest on any amounts awarded;

5.  For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and

6.  For such other and further relief as the Court may deem just and proper.

7

This the 3th day of June , 2023.

LAW OFFICES OF WADE E. BYRD, P.A.

By: _____

Wade E. Byrd (NC Bar #5534)
Post Office Drawer 2797
Fayetteville, North Carolina 28302
(910) 323-2555 (Telephone)
(910) 323-9697 (Facsimile)
wbyrd@wadebyrdlaw.com

Counsel for Plaintiff

8