IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1078-BO-RN

| | |
|---|---|
| THE ESTATE OF JOSEPH WHITLOCK SMITH, by and through ADMINISTRATRIX JOANNE S. SMITH, Plaintiff, <br><br> v. <br><br> UNITED STATES, Defendant. | ORDER |

This cause comes before the Court on a renewed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by defendant. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motion is ripe for disposition. For the reasons that follow, the motion to dismiss is granted and plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff initiated this action by filing a complaint on June 13, 2023. [DE 1]. The complaint alleges claims of wrongful death and personal injury arising from the alleged reckless conduct and negligence of defendant, the United States. Plaintiff is the Administratrix of the Estate of Joseph Whitlock Smith (Smith). Smith received surgical treatment at Womack Army Medical Center in Fort Bragg, North Carolina on January 7, 2019, to remove masses on his kidney and in his colon [DE 6 ¶ 8]. During his recovery at the hospital, Smith became hypotensive, was tachycardic, and was unable to move his bowels. Id. ¶ 9. Smith underwent a second surgery on January 14, 2019. Following the second surgery at Womack Army Medical Center, Smith was transferred to the Duke University Medical Center Intensive Care Unit for additional treatment. Id. ¶ 10.

On admission to Duke Hospital, Smith was determined to be in multi-organ failure caused by an uncontrolled septic source in his abdomen. *Id.* ¶ 11. Despite aggressive interventions, Smith died on January 15, 2019. *Id.*

## DISCUSSION

The United States has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity, however, providing the exclusive remedy for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment . . .." 28 U.S.C. § 2679(b)(1). Because

2

Case 7:23-cv-01078-BO-RN    Document 28    Filed 02/27/25    Page 2 of 5

the FTCA is a waiver of sovereign immunity, plaintiffs "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

Under the FTCA, the substantive law of the place where the act or omission occurred is the law that must be applied, *Cibula v. United States*, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)), and the United States will be liable "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Here, the alleged acts or omissions took place in North Carolina, and the Court thus applies North Carolina law. As is relevant to this motion, North Carolina law provides for a four year statute of repose in medical malpractice actions. N.C. Gen. Stat. § 1-15(c). Unlike a statute of limitations, a statute of repose "is an element of the claim that must be satisfied in order for the claim to be maintained." *Udzinski v. Lovin*, 358 N.C. 534, 536 (2004). Thus, a plaintiff whose claim is barred by the statute of repose "has no recourse in a court of law." *Id*.

Plaintiff's claims accrued, at the latest, on the date of Smith's death, or January 15, 2019. *See, e.g., Cincinnati Ins. Co. v. Centech Bldg. Corp.*, 286 F. Supp. 2d 669, 684 (M.D.N.C. 2003) ("normal point at which statute accrues is at the time of the occurrence of the last event giving rise to the cause of action.") (internal quotation and citation omitted). The complaint was not filed until June 13, 2023, more than four years from the date of Smith's death. It is undisputed that, while plaintiff complied with the FTCA's administrative filing requirements and statute of limitations, the complaint in this case was filed outside North Carolina's statute of repose.

Plaintiff argues, however, that the FTCA preempts North Carolina's statue of repose, because the statute of repose conflicts with the FTCA's statute of limitations. This Court recently stayed this action to allow the court of appeals to decide, in a substantially similar action, whether North Carolina's four-year medical malpractice statute of repose was preempted by the FTCA. *See*

3

[DE 22]. The court of appeals held, albeit in an unpublished opinion, that "state statutes of repose apply to FTCA claims and are not preempted by the FTCA's statute of limitations." *Baldwin v. United States*, No. 23-1864, 2024 WL 3178014, at *1 (4th Cir. June 26, 2024). Though plaintiff argues that the *Baldwin* decision does not decide the outcome of this case, the Court disagrees. While *Baldwin* is an unpublished decision, and thus not precedential, the *Baldwin* court's reliance on an earlier court of appeals decision, which is binding, is both instructive and persuasive. *See Hupman v. Cook*, 640 F.2d 497, 501 (4th Cir. 1981) (unpublished opinions are afforded "weight they generate by the persuasiveness of their reasoning.").

The court of appeals held in *Anderson v. United States* that "[b]ecause statutes of repose are substantive limitations on liability, an FTCA claim does not lie against the United States where a statute of repose would bar the action if brought against a private person in state court." 669 F.3d 161, 165 (4th Cir. 2011). The *Baldwin* court, considering a through analysis by the district court in that case, followed *Anderson's* holding and applied it to bar an FTCA medical malpractice claim filed outside the North Carolina statute of repose. Plaintiff's argument that this Court should reach the opposite conclusion is unavailing.

Plaintiff has also argued that the United States should be equitably estopped from raising the statute of repose due to its delays in providing evidence to plaintiff in the underlying administrative proceeding. Though North Carolina cases at times appear to be in conflict as to whether equitable estoppel applies to statutes of repose, the professional malpractice statute provides for no "exception to its four year statute of repose" and the North Carolina Court of Appeals "has consistently refused to apply equitable doctrines to estop a defendant from asserting a statute of repose defense in the [professional] malpractice context[.]" *Goodman v. Holmes & McLaurin Att'ys at L.*, 192 N.C. App. 467, 474–75 (2008) (listing attorney malpractice cases); *see*

4

also *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014) (North Carolina law permits tolling of statute of limitations but not statues of repose); *and compare Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Vill., LLC*, 236 N.C. App. 478, 493 (2014) (considering equitable estoppel of statute of repose in N.C. Gen. Stat. § 1-50(a)(5), which expressly provides that limitation does not apply to benefit of party which has engaged in fraud or willful or wanton negligence). The Court concludes that equitable estoppel is not available in this instance to preclude application of the statute of repose.

Even if the Court were to conclude that equitable estoppel is available in this context, "[e]quitable estoppel against the government is strongly disfavored, if not outright disallowed, because it allows parties to collect public funds in a situation not expressly authorized by Congress." *Volvo Trucks of N. Am., Inc. v. United States*, 367 F.3d 204, 211 (4th Cir. 2004) (noting equitable estoppel would apply against the government only in "extremely rare circumstances."). Plaintiff's allegations do not plausibly demonstrate an extremely rare circumstance where equitable estoppel against the government should be allowed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's renewed motion to dismiss the complaint for lack of subject matter jurisdiction [DE 24] is GRANTED. The complaint is DISMISSED. The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 26 day of February 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 7:23-cv-01078-BO-RN    Document 28    Filed 02/27/25    Page 5 of 5